**IN THE COURT OF APPEALS OF IOWA**

No. 15-1374
Filed October 14, 2015

**IN THE INTEREST OF D.E. and D.B.,**
     **Minor Children,**

**M.E., Mother,**
     Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Craig M.

Dreismeier, District Associate Judge.


A mother appeals the termination of her parental rights.  **AFFIRMED.**


Roberta J. Megel of Public Defender Office, Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd and Kathryn

K. Lang, Assistant Attorneys General, Matthew Wilber, County Attorney, and Eric

Strovers, Assistant County Attorney, for appellee.

Norman L. Springer Jr. of McGinn, McGinn, Springer & Noethe, Council

Bluffs, for father.

Te'Ya T. O'Bannon of O'Bannon Law, P.C., Council Bluffs, attorney and

guardian ad litem for minor child.


Considered by Doyle, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

A mother[1] appeals the termination of her parental rights to two children, D.E. and D.B., claiming clear and convincing evidence does not support the termination of her parental rights. We affirm the juvenile court's order.

We review de novo, proceedings terminating parental rights. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The three-step statutory framework governing the termination of parental rights is well established and need not be repeated herein. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). The juvenile court issued a thorough and well-reasoned order terminating the mother's parental rights, and we adopt the findings of fact and conclusions of law in the juvenile court's order as our own.

The juvenile court terminated the mother's parental rights pursuant to Iowa Code sections 232.116(1)(e), (f), (i), and (*l*) (2013). When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the order on any ground we find supported by the record. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). To terminate the mother's parental rights pursuant to Iowa Code section 232.116(1)(f), the State must prove: (1) the child is four years of age or older; (2) the child has been adjudicated a child in need of assistance (CINA); (3) the child has been removed from the physical custody of the mother for at least twelve of the last eighteen months, or for the last twelve consecutive months; and (4) there is clear and convincing evidence that at the present time

---

[1] The children's respective fathers' parental rights were terminated and they do not appeal.

the child cannot be returned to the custody of the mother as provided in section 232.102.

In finding termination was proper under 232.116(1)(f), the juvenile court reasoned:

> The Court finds that both kids are over four years of age. The children have been removed from the care of their parents for at least twelve of the last eighteen months and they have been adjudicated as children in need of assistance. Services have been offered to correct the problems associated with their removal however even with the services offered, the children are unable to be returned to any parent's care now or in the foreseeable future. This case started off as a result of [the mother]'s substance abuse use. This has been an issue of hers for a long period of time which resulted in prior contacts with juvenile court and criminal court. This problem has not been resolved. Quickly after becoming involved with the department in December 2013, her mental health issues arose which still remain unresolved. [The mother] still has anxiety issues and blacks out without the children being in her care and even while residing in a smaller community. Some of her behaviors while exercising visitation certainly emphasize her need for ongoing treatment. The children have issues which need attention as well and she has failed to engage in those services. Her children need a strong parental presence and they have lacked this with their mother. [The mother] has a difficult time trying to address her own issues let alone those of her children. Although it appears she has housing, given her history, it seems just a matter of time before this ends. She testified that her current residence has been her home off and on for the past seven years. That statement alone is telling of her instability given the number of times she moved throughout the CINA case. Efforts have been made to address all of these issues however this Court agrees with Ms. Shepley in her conclusions that the children can't be returned to her care at this time.

We agree with the juvenile court's reasoning and find clear and convincing evidence supports termination of the mother's parental rights to the two children pursuant to Iowa Code section 232.116(1)(f).

Even if a statutory ground for termination is met, a decision to terminate must still be in the best interests of a child after a review of section 232.116(2). *P.L.*, 778 N.W.2d at 37. In determining the best interests of the child, we give primary consideration to "the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional conditions and needs of the child." *See* Iowa Code § 232.116(2). Encouragingly, we note the children have been progressing in foster care. We echo the juvenile court's sentiment that reunification of the children with the mother would blunt the children's progress. The children need permanency now, and can no longer wait for their mother to parent them at some point in the future. *See In re D.S.*, 806 N.W.2d 458, 474 (Iowa Ct. App. 2011).

We affirm the juvenile court's order terminating the mother's parental rights without further opinion. *See* Iowa Ct. R. 21.26(1)(a)–(e).

**AFFIRMED.**